BASCHAB, Judge,
concurring in the result.
I agree with the majority that there are instances in which application of Rule 28(a)(10), Ala. RApp. P., to find that arguments in briefs are waived is appropriate. This court frequently receives briefs in which it is difficult to determine what the appellant is arguing or the basis for an argument; in which the appellant makes only passing references to an issue or one sentence comments/arguments; or in which the appellant lists an issue but does not include any argument in support of that issue. I have readily concurred with the application of Rule 28(a)(10), Ala.R.App. P., in such cases. See Clemons, supra; Hodges, supra; Harrison, supra; Cooper, supra; Jones, supra; Neville, supra.
However, I am concerned that, at times, this court’s application of Rule 28(a)(10), Ala. R.App. P., exalts form over substance. Accordingly, I have concurred in the result in numerous recent cases, including Hart, supra, and Hamm, supra. I do not believe that Rule 28(a)(10), Ala. R.App. P., should be applied when an argument and the basis therefor are clear, even if the appellant does not cite authority in support of the argument. See, e.g., Parts III and V of the main opinion. In fact, when an appellant is raising an issue of first impression, there may not be any legal authority to cite in support of an argument. Also, when an appellant is raising certain sufficiency arguments, such as the one set forth in Part IV of the main opinion, this court can easily discern and address the argument without specific citations to authority. In such instances, we should address the issue even if the appellant did not cite to specific authority or points in the record. Therefore, we should proceed with ' caution in applying Rule 28(a)(10), Ala. R.App. P., to find that arguments in briefs are waived.
COBB, J., concurs.